## SANCHEZ v. McKITTRICK et al.
### No. 8342.

Court of Civil Appeals of Texas. San Antonio.
Feb. 19, 1930.
Rehearing Denied March 26, 1930.

Lewright & Lewright and W. M. Groce, all of San Antonio, for appellant.

Barrett, Barrett & Taylor, of San Antonio, for appellees.

### FLY, C. J.

W. P. McKittrick, herein described as appellee, brought suit against appellant and Marguerite Sanchez, to recover damages arising from personal injuries inflicted upon him, when a Buick automobile in which they were riding ran into a Ford car in which appellee was riding. The court instructed a verdict for Marguerite Sanchez and submitted the case as to appellant to a jury on special issues, and, upon their responses thereto, judgment was rendered for appellee as against appellant in the sum of $3,000.

The jury found that just prior to and af the time of the accident appellee was in a perilous position, and was at that time discovered by appellant to be in such position of peril, and, after such discovery and realization of the perilous position of appellee, said appellant could have avoided the infliction of the injuries by the exercise of ordinary care, consistent with safety to himself and other passengers in the car, by halting or swerving the car in which he was riding to the left. The jury assessed the damages to appellee at $3,000.

The evidence discloses that the accident in which appellee was injured occurred about 1:30 in the morning. Appellee, three young women from New Braunfels, Walter M. Scott and W. R. Saunders had, with many others, attended a dance at the Elks' Club, and afterwards went to the Blue Bonnet Hotel to obtain something to eat. They left the hotel, Scott driving the single seat Ford coupé, the three young women being on the seat with him, Saunders standing on the left running board and appellee on the right running board. The evidence next locates them on Water street, going north, about 1:30 a. m. They were running between eight and twelve miles an hour as they endeavored to cross Goliad street, which runs in an easterly and westerly direction, and after they had crossed the street railway track, which runs along Goliad street, at the point of its intersection with Water street,

and were on the north side of Goliad, a Buick sport roadster, driven by appellant, Dave Sanchez, running at a high rate of speed, ran into the right side of the Ford coupé, threw it upon the west curb of Water street, near the northwest corner, crushed into appellee, standing on the right running board of the coupé, threw him to the pavement and broke the bones in his right leg in two places below the knee. Appellant made no inquiry as to the injuries inflicted but swung to the right and ran rapidly to the north on Water street, and was afterwards arrested by a policeman. The accident occurred under the bright light of an arc lamp at the intersection and the jury was justified in finding that appellant saw appellee in his perilous position on the running board, and by the exercise of reasonable diligence could have avoided the collision. Instead, he ran directly into the Ford car and appellee and injured appellee in such a manner as to have justified a much heavier verdict for damages than was given. The occupants of the coupé did not know that appellant was approaching until their attention was attracted by the noise of the wheels of the Buick car as the brakes were applied by appellant. The evidence clearly indicated that appellant could have avoided the collision by swinging his car to the south or left, in the rear of the Ford car. Instead, he says, he attempted to swing to the right in the line the Ford car was going.

The first and second propositions assail the charge because it did not confine the recovery of damages to two years, as they state was alleged in the petition. We find, however, that it is alleged in the petition: "That the injuries to plaintiff's right leg are permanent and he will always, during the remainder of his life, be impaired in the free use of said leg." The charge properly instructed the jury that they might find for any sum of money that would reasonably compensate appellee for the injuries received by him as a direct result of said accident, and the earnings lost by him. The propositions are overruled.

Special issue number three was very favorable to appellant in confining the power of appellant to have averted the accident by halting or swerving to the left, when he was liable, if he could have averted the injuries to appellee in any manner consistent with the safety of the occupants of his car. He has no cause to complain of the restriction to the two methods of avoiding the accident. The special charge was justified by the evidence. Appellant must have seen appellee on the running board, must have realized the peril of driving his car directly into the other car and endangering the life of one or more human beings. Appellant did not object to the charge, in his objections, as to halting the car, but merely as to swerving it to the left. He suggested no other special issues. The issues submitted did not assume the existence of any disputed facts.

Appellant alone testified for the defense, although there were two witnesses in the car with him whose presence he made no effort to secure in a legal way. It did not appear that he issued any process for the witnesses, or attempted in the manner prescribed by law to secure their testimony.

The judgment is affirmed.